```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
WILLIAM C. BOND,
                                *
     Plaintiff,
                                *
          v.                           CIVIL NO.: WDQ-07-1188
                                *
UNITED STATES ATTORNEY,
                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

William C. Bond, *pro se*, sued the United States Attorney for the District of Maryland ("USA")[1] for the production of documents pursuant to a request under the Freedom of Information Act ("FOIA").[2] Pending are USA's motion to dismiss, or in the alternative for summary judgment, and Bond's motion to compel the production of a *Vaughn* Index,[3] motion to strike a declaration, and motion for leave to file a surreply. For the following reasons, USA's motion will be granted, and Bond's motions will be

---

[1] On May 17, 2007, the United States District Court for the District of Maryland was dismissed from this action. Paper No. 3.

[2] 5 U.S.C. § 552 (2000).

[3] When a government agency claims a FOIA exemption and denies a citizen's request for government records, the agency must provide a detailed affidavit that "permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information." *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973).

1

denied.

I.   Background

On February 8, 2007, Bond made a formal FOIA request to USA for documents relating to Bond's communications with USA in 2004 and 2005.  Compl. ¶ 5.  On March 9, 2007, the Executive Office for United States Attorneys ("EOUSA") denied Bond's request.  *Id.* ¶ 6.  Bond appealed to the Office of Information and Privacy ("OIP"), which affirmed the denial of Bond's request as to all third parties, but remanded the request to EOUSA for a search of documents relating to Bond himself.  First David Luczynski Decl. Ex. D.  On June 19, 2007, EOUSA processed Bond's request.  EOUSA's search resulted in twelve pages of documents related to Bond.  One page was released in part to Bond and eleven pages were withheld.

II.   Analysis

A. Motion for Summary Judgment

1. Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"As a general rule . . . FOIA determinations should be resolved on summary judgment." *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004). The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The opposing party, however, must produce evidence upon which a reasonable fact finder could rely. *Celotex*, 477 U.S. at 324. The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

2. FOIA Provisions and Review Mechanism

The FOIA requires federal agencies upon request to deliver records that are reasonably described and requested in accordance with published rules. 5 U.S.C. § 522(a)(3)(A) (2000). Despite this mandate, there are limited exemptions to compelled disclosure. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). There are nine exemptions to FOIA record disclosure. 5 U.S.C. § 522(b). In accordance with FOIA's policy goal of disclosure, the exemptions must be narrowly construed. *Rose*, 425 U.S. at 361.

To prevail on a summary judgment motion, the agency must demonstrate that it conducted the search in good faith and used

3

methods that can reasonably be expected to produce the requested information. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  The agency must prove that the materials requested were properly withheld. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).  To withhold requested documents under a FOIA exemption, the agency must describe its rationale with reasonable specificity. *Hanson*, 372 F.3d at 290. The agency must submit affidavits or declarations that describe the search performed and affirm that responsive databases were searched, so as to give the FOIA requester an opportunity to challenge the efficacy of the agency's actions. *Oglesby*, 920 F.2d at 68.

Bond requested all documents pertaining to discussions he had with USA in 2004 involving the misconduct of an Article III judge.[4]  After a search, Bond received one of twelve pages from seven responsive documents.  EOUSA claimed three exemptions as the basis for withholding the materials. *See* 5 U.S.C. §§ 552(b)(5), 552(b)(7)(C), 552a(j)(2).  USA has submitted the declaration of David Luczynski, Attorney Advisor at the EOUSA,

---

[4] Bond's initial request to USA included broad claims for documents concerning various third parties, including judges, lawyers, and related criminal investigations.  Citing 5 U.S.C. § 552(b)(7)(C), OIP denied Bond's request to the extent that he sought any information concerning third parties.  Bond seeks the same material in this Court.  Compl. ¶ 5.  As Bond has not demonstrated any "overriding public interest" in the disclosure of this information, OIP properly denied his request on these grounds.

4

and a *Vaughn* Index to explain its rationale for claiming the exemptions.

3. Adequacy of the EOUSA Search

USA argues that the search performed in response to Bond's request was adequate. Specifically, USA has provided a detailed description of the terms and databases searched and the responsive documents recovered, and contends that the search was reasonable and consistent with applicable law. Bond disagrees and argues that EOUSA should have performed a manual search in addition to a search of computer records.

A reasonable search by the agency requires only the production of documents that are responsive to the request; the agency is not required to search all possible records repositories. *See Oglesby*, 920 F.2d at 68. However, the agency must produce more than conclusory affidavits stating that a search was performed in a manner "consistent with customary practice and established procedure." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1246-47 (4th Cir. 1994).

EOUSA handles any FOIA requests for materials from the Department of Justice or United States Attorney offices. First Luczynski Decl. ¶ 1. EOUSA forwarded Bond's request to the FOIA contact at USA. *Id.* ¶ 9. The contact searched the Public Access to Court Electronic Records ("PACER") and the Legal Information Office Network System ("LIONS") for materials related to Bond's

request. *Id.* ¶ 10.[5]  The FOIA contact used "Bond" as a search term and recovered responsive documents. *Id.*

EOUSA searched electronic databases likely to contain information about Bond's criminal referral.  Although Bond contends that a "manual effort to search for records" is required, the FOIA affords federal agencies the discretion to choose the most suitable search method.  *See* 5 U.S.C. § 552(a)(3)(D) ("[T]he term 'search' means to review, manually *or* by *automated* means . . . .") (emphasis added).  The Luczynski Declaration demonstrates the requisite knowledge of Bond's request and EOUSA search protocols to allow Bond to challenge the adequacy of EOUSA's actions.  EOUSA made a good faith effort to find materials responsive to Bond's FOIA request.  Accordingly, EOUSA's search was adequate.

4. FOIA Exemption 5

USA asserts that eleven pages of the materials relating to Bond's request were subject to attorney work product and deliberate process privileges and were therefore withheld.[6]  Bond

---

[5] LIONS is the computer system that USA uses to track materials for cases and investigations.  First Luczynski Decl. ¶ 11.

[6] The Privacy Act authorizes a federal agency to promulgate rules to exempt its record systems from compelled disclosure. *See* 5 U.S.C. § 552a(j)(2) (2000).  As USA's criminal case file system is compiled for law enforcement purposes and is catalogued by name of individuals or organizations, First Luczynski Decl. ¶¶ 10-12, the system is exempt from the Privacy Act.  USA is therefore granted summary judgment to the extent that Bond's

contends that releasing the documents is in the public interest, and that if the materials are not released directly to him, they should be placed before the Court for *in camera* review.[7]

Exemption 5 excludes from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts have found attorney work product privileged under Exemption 5, *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975), as well as the predecisional or deliberative processes of agency decisionmaking. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Attorney work product covers those documents that are produced in anticipation of litigation and contain an attorney's legal theories and strategies. *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). The deliberative process privilege covers those documents that are generated before agency policy is implemented and reflect a consultative decisionmaking process. *Coastal States*, 617 F.2d at 866.

In the *Vaughn* Index, EOUSA asserts that six of the documents

---

claims rest on the Privacy Act.

[7] Bond also request an evidentiary hearing and additional discovery. The Court has jurisdiction under the FOIA to determine whether an agency has wrongfully withheld agency records. 5 U.S.C. § 552(a)(4)(B). Bond has not demonstrated that a hearing or additional discovery would aid the Court in resolving the dispositive issues.

7

contain written communications between Assistant United States Attorneys ("AUSAs") and other lawyers, other AUSAs, or Bond himself and are covered under the attorney work product privilege.  Four of the six documents are protected by the attorney work product privilege because they reflect legal theories and strategies of USA.  Two of the documents, however, are drafts of letters to Bond addressing legal matters raised by him.  As drafts, they reflect the preliminary views of USA.  These documents--although labeled "Attorney Work Product Privileged and Confidential," First Luczynski Decl. ¶ 19--clearly are within the deliberative process privilege.  *See Coastal States*, 617 F.2d at 866.

   Bond claims that there is an "overriding public interest" in disclosure of the withheld documents because his 2004 criminal referral dealt with public corruption.  The overriding public interest inquiry relates to exemptions under 5 U.S.C. 552(b)(C)(7), not Exemption 5.  *See Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 895 (D.C. Cir. 1995).  Regardless, Bond's allegations of public corruption are not compelling indicia that USA engaged in illegal activity by declining to prosecute his referral.  *See Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992).  Indeed, beyond Bond's affidavits, the only evidence he has produced related to his referral are several e-mails from USA and a USA memorandum

notifying Bond of the decision to decline prosecution.  Def.'s Mem. Supp. Opp'n Ex. 4.  Bond's contention of an overriding public interest does not overcome USA's assertion of Exemption 5.

Bond's request for *in camera* review will be denied because EOUSA's *Vaughn* Index is an effective proxy for the withheld documents.  A *Vaughn* Index is "a surrogate for the production of documents for *in camera* review, designed to enable the district court to rule on a privilege without having to review the document itself."  *Ethyl*, 25 F.3d at 1249.  The government agency is directed to provide "a detailed justification for its exemption and index the documents against the justification, fragmenting the documents into segregable parts."  *Id.* at 1250.  EOUSA's *Vaughn* Index lists each document, describes its contents and the reasons for claiming an exemption, and whether the exempted information is segregable.  Based on this detailed information, no reasonable factfinder could conclude that EOUSA failed to act in good faith in claiming the exemption.[8]

5. FOIA Exemption 7(C)

USA contends that Exemption 7(C) applies to an e-mail

---

[8] On August 8, 2007, Bond filed a renewed motion to compel USA to produce a *Vaughn* Index.  The Court previously denied without prejudice Bond's motion to compel the production of a *Vaughn* Index.  Paper No. 9.  EOUSA produced a *Vaughn* Index on September 4, 2007, to which Bond objected as being incomplete.  The Court is satisfied that EOUSA has provided an adequate *Vaughn* Index.  Therefore, Bond's motion to compel will be denied as moot.

uncovered by its search.  Specifically, USA redacted the name of an e-mail recipient pursuant to 5 U.S.C. § 552(b)(7)(C).  Bond counters that it is in the public interest to release any information related to his claims of corruption by government officials.

Exemption 7(C) protects records compiled for law enforcement purposes from compelled disclosure that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  Although FOIA allows citizens a means to determine "'what their Government is up to,'" *U.S. Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 773 (1989), when disclosure of information falls under Exemption 7(C), the interest in disclosure must be balanced with the personal privacy of citizens.  *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  To overcome the privacy concerns of Exemption 7(C), the FOIA requester must demonstrate that the public interest is significant and that the requested information is likely to advance that interest.  *Favish*, 541 U.S. at 172.  The deletion of names of third parties and law enforcement personnel from records that are compiled for law enforcement purposes is within Exemption 7(C).  *Neely v. FBI*, 208 F.3d 461, 463-65 (4th Cir. 2000); *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990).

EOUSA released to Bond an e-mail exchange between himself

10

and an AUSA, redacting only the name of a third-party recipient of the e-mail. Bond has not demonstrated that the release of the third party name is in the public interest. Rather, Bond seizes on a statement in the e-mail that an AUSA was "looking for the declin [sic] memo" as demonstrating that a final report was generated concerning his criminal referral and should be disclosed. USA and EOUSA have established the adequacy of their search for records responsive to Bond's request and have properly rejected Bond's request for information concerning third parties. Although Bond's request relates to matters of public interest, Bond has not demonstrated that the release of the exempted name would likely further that interest.

6. Segregability

Records containing information that is exempt from disclosure must be analyzed to determine whether any reasonably segregable nonexempt portions may be released. 5 U.S.C. § 552(b). Segregable information that is "inextricably intertwined" with exempt material need not be disclosed. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). The *Vaughn* Index and Luczynski Declaration demonstrate that EOUSA and USA have withheld only information exempt under the claimed FOIA provisions and that all reasonably segregable material has been released to Bond.

11

B. Motion to Strike

Bond moves to strike the Luczynski Declaration, primarily because it refers to a case entitled *United States v. Bond*. USA responds that the Declaration inadvertently referred to the wrong case name, and instead should properly have been *State of Maryland v. William C. Bond*. USA has corrected the error made in the First Luczynski Declaration, and Bond's other arguments that the Declaration is misleading concern harmless error or are without merit. Accordingly, Bond's motion to strike the Luczynski Declaration will be denied.

C. Motion for Leave to File Surreply

"Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." D. Md. R. 105(2)(a). Bond contends that he needs an additional opportunity to respond to an updated *Vaughn* Index that was filed by USA on October 22, 2007. Paper No. 44. The Court did not rely on this version of the *Vaughn* Index in its decision, and Bond's objections to earlier versions have been sufficiently discussed in his accompanying motions and memoranda. Accordingly, Bond's motion for leave to file a surreply will be denied.

III. Conclusion

    For the above reasons, USA's motion for summary judgment will be granted, and Bond's motions will be denied.


<u>November 20, 2007</u>                         <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge